

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

BRUCE BARCLAY,                                          :
                                                        :
                              Plaintiff,                :
                                                        :
v.                                                      :       Civil Action No. 1:14cv1200 LO/JFA
                                                        :
TRANS UNION, LLC                                        :
                                                        :
Serve:  Corporation Service Company, Reg. Agent         :
        Bank of America Center, 16th Floor              :
        1111 East Main Street                           :
        Richmond, VA  23219                             :
                                                        :
and                                                     :
                                                        :
EXPERIAN INFORMATION SOLUTIONS, INC.                    :
                                                        :
Serve:  David N. Anthony, Registered Agent              :
        1001 Haxall Point                               :
        Richmond, VA  23219                             :
                                                        :
                              Defendants                :

**COMPLAINT**

COMES NOW the Plaintiff, BRUCE BARCLAY ("Plaintiff"), by counsel, and for his

Complaint against the Defendants, allege as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for statutory, actual, and punitive damages, costs, and attorneys'

fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2.      Trans Union and Experian, two of the "Big 3" consumer reporting agencies, have

a long history of consumer complaints and lawsuits alleging (and establishing) that they

unreasonably mixed the credit files and information of one consumer with the credit reports of

another consumer. This mixed file problem is caused by the Defendants' overly broad matching criteria used to sort data into an Trans Union or Experian credit file.

3.      In this case, representative of numerous others, Trans Union and Experian combined or mixed the credit files of the Plaintiff with other individuals, including his father, even though their names were not entirely the same, their dates of birth are different, and social security numbers are different.

4.      Plaintiff alleges claims against Experian and Trans Union under the FCRA, 15 U.S.C. §§1681e(b) for failing to reasonably ensure the maximum possible accuracy of his credit reports. Plaintiff further alleges a claim against Trans Union under 1681i for its failure to investigate and correct the Plaintiff's credit files when he disputed the inaccuracies.

## JURISDICTION

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

6.      Plaintiff is a natural person residing in Virginia, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

7.      Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

8.      Upon information and belief, Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).  Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9.     Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

10.     Defendant Experian Information Solutions, Inc. ("Experian") is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

11.     Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

13.     In October 2013, Plaintiff applied for a mortgage loan with McLean Mortgage Corporation who obtained his credit report with Trans Union and Experian.

14.     At this time, Trans Union and Experian were reporting multiple accounts within the Plaintiff's credit file that did not belong to him.

15.     After he could not qualify for a loan, Mr. Barclay directly obtained his consumer disclosure from Experian and Trans Union, which further confirmed that Experian and Trans Union were reporting multiple accounts on his credit report that did not belong to him.

16.     In particular, Experian was reporting at least 24 accounts in his credit file that did not belong to him, including mortgages, car loans, and credit cards that did not belong to Plaintiff.

3

17.     Likewise, Trans Union was also reporting several accounts in Plaintiff's credit file that did not belong to him, including a mortgage loan.

18.     Experian and Trans Union were also reporting inaccurate personal identifying information, such as his employer.

19.     On November 5, 2013, Plaintiff mailed a dispute letter to Trans Union regarding the inaccurate information in his credit file. At this time, Plaintiff explained that the information in his credit report likely belonged to his father, who shared a similar name to the Plaintiff. Mr. Barclay also provided a handwriting exemplar so that the creditors could verify that his signature was not on the credit application for the accounts.

20.     Trans Union never responded to Plaintiff's November 5, 2013 dispute letter.

21.     Upon information and belief, Trans Union continued to report accounts that did not belong to Plaintiff in his credit file after it received his November 5, 2013 dispute letter, including the accounts disputed by Plaintiff.

22.     On February 17, 2014, Plaintiff mailed a follow-up dispute letter to Trans Union once again disputing the inaccurate information in his credit file and explaining this information in his credit reports belonged to his father. Plaintiff once again asked Trans Union to conduct an investigation and to remove the accounts from his credit reports.

23.     Trans Union never responded to Plaintiff's February 17, 2014 dispute letter.

24.     Upon information and belief, Trans Union continued to report accounts that did not belong to Plaintiff in his credit file after it received his February 17, 2014 dispute letter, including the accounts disputed by Plaintiff.

25.     These reportings were false. Upon information and belief, most of the inaccurate accounts reported by Trans Union and Experian belonged to Plaintiff's father, who shares similar identifying information as the Plaintiff.

26.     These derogatory items and mismatched sets of credit information severely reduced the Plaintiff's credit scores and prohibited him from obtaining a loan.

27.     Moreover, Trans Union, in all regards, failed to perform a meaningful and searching inquiry into the substance of Plaintiff's dispute, causing him significant damages.

28.     As a result of this negative credit reporting, Plaintiff suffered actual damages.

**Trans Union and Experian's Double Standard and Willful Misconduct**

29.     Trans Union and Experian have substantial notice and knowledge of the "mixed file" problems and failures of their business procedures and systems.

30.     As early as 1992, the Attorneys General of seventeen states were forced to file a lawsuit against Trans Union because of its conduct in connection with mixing consumer credit files. In settling the enforcement action brought by the AGs, Trans Union agreed to make the following practice changes:

1. *Implement* or continue to utilize and maintain reasonable *procedures to avoid the occurrence or reoccurrence of Mixed Files.*[1]

...

3. Analyze incoming data submitted by Subscribers to Trans Union as well as historical statistics in an attempt to detect data format errors, programming errors, or other inaccuracies, and take such corrective action with respect thereto as may be appropriate.

4. *Take reasonable measures to prevent reporting of information that is not likely to pertain to the Consumer* who is the subject of the Report and to prevent

[1] The October 26, 2012 Consent Order defines Mixed File as "a Consumer Report in which some or all of the information pertains to a person or persons other than the person or persons who is/are the subject of the Consumer Report."

5

duplicate listings of an account with the same member number, opening date and consumer account number.

...

5. [a]dvise their Subscribers, that they shall attempt to (i) *obtain Full Identifying Information from Consumers*; (ii) use, when provided by the Consumer, Full Identifying Information when reporting Credit Information to Trans Union; and (iii) *use Full Identifying Information when requesting Consumer Reports*, except where a reliable and accurate alternative methodology is utilized for requesting Consumer Reports.[2]

(emphasis added).

31.     Similar enforcement actions was brought against Experian [formerly TRW, Inc.] in 1991 and 1992 and resulted in consent orders where Experian agreed to maintain reasonable procedures to prevent the occurrence or reoccurrence of mixed files. *See TRW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991); *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Texas 1991).

32.     Despite the consent orders with the FTC and the Attorneys General, Trans Union and Experian's computer system cause these mixes because they do not require or use full identifying information for a potential credit grantor's inquiry even when unique identifiers such as a full social security number are present.  They do this in order to sell more credit reports.

33.     Trans Union and Experian have knowledge that their computer system causes one individual's credit report to be confused with another individual's credit report causing a "mixed file".

34.     Moreover, both credit bureaus have been sued repeatedly for failing to prevent mixed consumer files. *See, e.g., Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir. 1996);

---

2 "Full Identifying Information" as defined in the Consent Order as the "full last and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number."

*Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329 (9th Cir. 1995); *O'Conner v. Trans Union Corp.*, Civ. No. 97-4633, 1999 WL 773504 (E.D. Pa. Sept. 29, 1999); *see also Thomas v. Trans Union*, C.A. No. 00-1150 (D. Or. 2002) (jury verdict of $5.3 million remitted to $1.3 million); *Soghomonian v. Trans Union*, (E.D. Cal.)  ($990,000 verdict); *Price v. Trans Union, LLC*, 737 F. Supp. 2d 281 (E.D. Pa. 2010); *Neclerio v. Trans Union, LLC*, Civ. No. 3:11cv1317 (D. Conn. Aug. 17, 2011); *Calderon v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 89375, *10 (D. Idaho 2012); *Howley v. Experian Information Solutions, Inc.*, Civil Action No. 09-241 (D.N.J. filed January 16, 2009); *Ainsworth v. Experian Info. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 63174 (C.D. Cal. 2011); *Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011); *Comeaux v. Experian Info. Solutions*, 2004 U.S. Dist. LEXIS 10705, *20 (E.D. Tex. 2004); *Cartwright v. Experian*, et al., Case No. CV 09-427 (C.D. Cal. 2009); *Campbell v. Experian Info. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 106045 (W.D. Mo. Nov. 13, 2009); *Jensen v. Experian Info. Solutions, Inc.*, 2001 U.S. Dist. LEXIS 15134 (E.D. Tex. Mar. 30, 2001).

35. Numerous cases alleging a mixed file and/or a failure to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains have also been brought in this District and Division. *See e.g., Mullins v. Equifax Information Services, LLC*, 3:05cv888, 2007 WL 2471080 (E.D. Va. August 27, 2007); *Saunders v. Branch Banking and Trust Co.*, 3:05cv731 (E.D. Va.); *Ross v. Experian Information Solutions, Inc.*, 3:09cv144 (E.D. Va. 2009); *Robinson v. Equifax Info. Servs.*, 560 F.3d 235 (4th Cir. 2009); *Sloane v. Equifax Info Servs.*, 510 F.3d 495 (4th Cir. 2007); *Robinson v. Equifax Info. Servs.*, 560 F.3d 235 (4th Cir. 2009); *Sloane v. Equifax Info Servs.*, 510 F.3d 495 (4th Cir. 2007); *Abraham Lopez, Jr., v. Trans Union*, Civil Action No. 1:12-

cv-902 (E.D. Va. 2012); *Alejandro Lopez, Sr. v. Trans Union,* Civil Action No. 1:12cv1325 (E.D. Va. 2012); *Thach v. Trans Union,* Civil Action 3:13-cv-00551 (E.D. Va. 2013); *Chaudhary v. Experian Information Solutions, Inc.,* 3:13-cv-00577 (E.D. Va. 2013).

36.     Trans Union and Experian knowingly choose to ignore these notices of their mixed file problems. They do so even though they already possess a simple, easy and inexpensive means to correct and avoid the problem.

37.     Despite these lawsuits and enforcement actions, Trans Union and Experian have not significantly modified their procedures to assure that the credit reports that it prepares, publishes, and maintains are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b).

38.     Upon information and belief, Trans Union and Experian have not, and do not intend, to modify their procedures to comply with this section of the FCRA because compliance would drastically increase their operating expenses.

39.     Accordingly, Trans Union and Experian's violations of 15 U.S.C. § 1681e(b) were willful and them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

40.     Defendants' failure to modify their procedures caused substantial harm to the Plaintiff.

### COUNT ONE:
### Violation of 15 U.S.C. § 1681e(b)
### (TRANS UNION & EXPERIAN)

41.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

42.     Trans Union and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

43.     As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including but not limited to damage to his credit rating, lost opportunities to enter into consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment and frustration.

44.     Trans Union and Experian's conduct, actions, and inaction were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

45.     The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
### (Violation of 15 U.S.C. § 1681i(a)(1))
### (TRANS UNION)

46.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

47.     Trans Union violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently delete the information from the file.

48.     As a result of this conduct, the Plaintiff suffered actual damages.

49.     Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

50.     The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Trans Union pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT THREE:**
**(Violation of 15 U.S.C. § 1681i(a)(2))**
**(TRANS UNION)**

51.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

52.     Trans Union violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher all relevant information that it received in Plaintiff's dispute letter.

53.     As a result of this conduct, the Plaintiff suffered actual damages.

54.     Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55.     The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Trans Union pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT FOUR:**
**(Violation of 15 U.S.C. § 1681i(a)(4))**
**(TRANS UNION)**

56.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

57.    Trans Union violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

58.    As a result of this conduct, the Plaintiff suffered actual damages.

59.    Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60.    The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from the Trans Union pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT FIVE:**
**(Violation of 15 U.S.C. § 1681i(a)(5))**
**(TRANS UNION)**

61.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

62.    Trans Union violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

63.    As a result of this conduct, the Plaintiff suffered actual damages.

64.    Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65.    The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorneys' fees from the Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive

damages against the Defendants; for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**BRUCE BARCLAY**

By: _____
Of Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

*Counsel for Plaintiff*