IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| BRUCE BARCLAY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:14-cv-1200 (LO/JFA) |
| | ) | |
| TRANS UNION, LLC, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

COMES NOW the Plaintiff, BRUCE BARCLAY ("Plaintiff"), by counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure and moves this Court for an Order compelling Defendant Experian Information Solutions, Inc. ("Experian"), to provide full and complete discovery responses with respect to: (1) information on its procedures for assigning information to a consumer's file, including its matching procedures and algorithms; (2) prior lawsuits brought against Experian based on allegations of a "mixed" or "merged" credit file; and (3) any reports or studies regarding problems with its mixed file procedures.[1]

### I.    Introduction

This case arises because Experian mixed the credit file of the Plaintiff with other consumers, which resulted in Experian reporting more than 20 accounts in Plaintiff's credit file that did not belong to him. One of the longest standing consumer complaints against Experian is that it unreasonably mixes the credit files and information of one consumer with the credit

---

[1] A "mixed" or "merged" file is a term to describe a credit reporting error that occurs when credit information relating to one consumer is placed in the file of another. A mixed file occurs most often when two or more consumers have similar personal identifying information, such as names and social security numbers.

reports of another consumer because of Experian's overly broad matching criteria used to sort data into a credit report. *See FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Tex. 1991).[2] In this instance, Plaintiff never opened, used, or even knew of many of these accounts until he was unable to qualify for a mortgage loan due to the accounts Experian wrongfully attributed to him.

Based on this conduct, Plaintiff alleges that Experian violated one of the core provisions of the FCRA, which obligates credit reporting agencies ("CRAs") to follow "reasonable procedures to assure maximum possible accuracy" in their credit reporting. *Id*. "[A] consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).

In this case, Plaintiff's claim is based on the inaccurate information "mixed" into Plaintiff's credit reports, which was caused by Experian's overly broad matching procedures designed to permit more "false-positives" rather than allow "false negatives." Despite countless lawsuits establishing the inadequacies of these procedures, Experian continues to utilize its lax thresholds for matching consumer data to the pleasure of their paying customers (*i.e.*, lenders), who would prefer to see all *potentially* derogatory information even if it cannot be matched to a borrower with certainty.[3]

All of the information sought by Plaintiff in this motion goes to the heart of his claim and the evidence needed to establish that Experian willfully violated § 1681e(b). Accordingly,

---

[2] As early as 1991, the Federal Trade Commission was forced to file a lawsuit against Experian's predecessor, TRW, Inc., because of its conduct in connection with the mixing of consumer credit files. Despite this enforcement action and countless other lawsuits, Experian still utilizes the same/similar matching procedures.

[3] *See* Federal Trade Commission, Report to Congress Under Section 318 and 319 of the Fair and Accurate Credit Transactions Act of 2003, at 47 (2003).

pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court should compel Experian to fully and completely respond to the discovery identified below.

## II.    Argument

### 1. The Court Should Compel Experian to Produce Its Data Matching Procedures.

To prove that a CRA failed to maintain reasonable procedures to ensure maximum possible accuracy, it is obviously necessary to obtain the specific procedures that caused the inaccuracy to occur. Thus, Plaintiff issued a discovery request seeking "documents related to your procedures for assigning information reported to you to a consumer's file, including the matching procedures and algorithms." (*See* Ex. 1, at RFP No. 21). In response, Experian asserts three baseless objections: (1) that the information is confidential/trade secrets; (2) that it calls for the disclosure of information protected by the attorney-client privilege; and (3) that the request is overly broad and unduly burdensome. *Id*. During the meet and confer on February 17, 2015, Experian stood on its objections and refused to produce *any* information relating to its matching procedures.[4]

Experian's objections are baseless and the information must be produced in order for Plaintiff to effectively prosecute his case. For starters, the Court has already entered a Protective Order governing the handling of confidential material, which renders Experian's trade secrets

---

[4] Experian is likely to respond that the scope of this request for production is extremely broad. However, to the extent it is overbroad, Rule 34(b)(2)(C) provides that an "objection to part of a request must specify the part and permit inspection of the rest." *See* Fed. R. Civ. P. 33(b)(2)(C). Experian refuses to comply with this aspect of Rule 34(b)(2)(C), insisting that it will not produce anything relating to its matching procedures or matching algorithms absent a court order. Moreover, Experian's objection is entirely improper because it is nothing more than a bare objection. *Cappetta v. GC Servs. Ltd. P'ship*, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) ("merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection.").

3

objection moot. (*See* Dkt. 24). Similarly, Experian did not produce any privilege log; therefore, it cannot possibly be withholding documents on this basis. Moreover, the request is not overly broad and unduly burdensome as Experian's matching procedures will be the critical focus of this case. Accordingly, Experian should be compelled to fully and completely respond to Plaintiff's RFP No. 21.

**2. Experian Should Be Compelled to Respond to Plaintiff's Interrogatories Regarding Previous Mixed File Lawsuits, Including Administrative Proceedings.**

In this case, Plaintiff has requested Experian to identify previous lawsuits, administrative proceedings, or other actions that were based on allegations of a "mixed" or merged credit files. (*See* Ex. 2, Plaintiff's First Set of Interrogatories to Equifax, Int. No. 10). Previous lawsuits and actions against Experian are significant in this case to demonstrate that Experian had notice of the gross inadequacy of its procedures; and, therefore, willfully violated the FCRA by continuing to use the same insufficient policies and procedures to prevent the occurrence of mixed files. In essence, Plaintiff seeks to establish that Experian had extensive notice of the problems with its matching algorithms and data matching procedures that it uses to sort information into consumer credit files, but continues to use these very same policies and procedures.

Experian refuses to produce this information even though it is both relevant and ***admissible*** with respect to Plaintiff's claim that Experian willfully violated § 1681e(b). *See, e.g., Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1233 (D.N.M. 2006) ("Plaintiff also has presented a second category of evidence concerning Equifax's knowledge of the problem of mixed files, which consists of public records and regulatory materials. . . . such materials may be relevant for the limited purpose of providing circumstantial evidence of Equifax's knowledge of the mixed-file problem resulting from its partial matching logic and its reliance on furnishers of

credit information to resolve consumer disputes."); *Miller v. Equifax Info. Servs., LLC.*, 3:11-CV-01231-BR, 2014 WL 2123560 (D. Or. May 20, 2014) ("Miller also argues Equifax's recklessness was proven by trial evidence that showed Equifax's mixed-file errors were not rare or isolated problems, and, in fact, Equifax's industry 'matching' criteria produced errors in two-to-four million consumer files. As noted, Miller's expert testified about cases in which juries returned verdicts against Equifax based on allegations of mixed files, and Equifax's own representative testified it is Equifax's policy to investigate and to correct files only after a lawsuit is filed.").

Worse yet, Experian (represented by the same defense firm) has been ordered to produce this list in several cases, yet it still refuses to do so—disingenuously claiming that it is unduly burdensome. For example, in *Calderon*, the United States District Court for Idaho ordered as follows:

> The final subject of discussion at the hearing concerned Plaintiff's requests for information on prior lawsuits and the number of mixed file claims handled internally by Experian. Based on the discussion that occurred between the parties and the Court about what information it would be possible for Experian to provide, ***the Court will order Experian to provide Plaintiff with a list of prior lawsuits, to include the case name, date of filing, jurisdiction, and case number, for the last five years***. This disclosure, however, will be subject to certain limitations. Specifically, it need only include cases which were handled by Jones Day (Experian's primary outside counsel), and it need only cover those cases in which the complaint contains an allegation that a mixed file was involved. This is similar to a production that, according to the parties' representations, Experian recently prepared in another federal case, *Howley v. Experian Information Solutions, Inc.,* No. 09–241 (D.N.J. filed January 16, 2009).

> Finally, the Court will order Experian to provide Plaintiff with the number of mixed file disputes it has handled over the last five years. Based on the representations of Experian's counsel as to what it will be feasible to provide, this production will be limited to the number of times Experian was contacted by a consumer, and, as a response, added a "do not combine" notation to the file, thus flagging the matter as a "mixed file."

*Calderon v. Experian Info. Solutions, Inc.*, Case No. 1:11-CV-00386-EJL, 2012 WL 2449853, at *4 (D. Idaho June 18, 2012) (emphasis added).

The results in this case should be no different as *Calderon* is directly on point with the present discovery dispute and consistent with this Court's similar decisions in other non-Experian FCRA cases. *See, e.g., Berrios v. Experian Information Solutions, Inc.*, Case No. 1:11-cv-01130 (E.D. Va  2011) (Dkt. 69); *Tamblay v. Equifax Info. Servs.*, Case No. 1:14-cv-00130 (LO/IDD) (E.D. Va. 2014) (Dkt. 75).

**3. Experian Should Be Compelled to Provide a Response to Interrogatory #11.**

Plaintiff's Interrogatory # 11 asks Experian to "[i]dentify any research, study, report, memo, email or other document you have generated since January 1, 2011 that regards or discusses criteria or threshold used to match data to a file and any lawsuits, complaints or alleged problems about that procedure." (Ex. 2, at Int. No. 11). In response, Experian stated "Subject to and without waiving its general and specific objections, Experian states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, information responsive to this Interrogatory may be derived from the responsive, non-privileged documents being produced pursuant to the entry of an appropriate protective order in response to Plaintiff's Request for Production (Bates-labeled…000220-2439… 0002441-97…0002511-2682)." *Id.*

Experian's response is entirely inadequate because none of the cited documents are even remotely connected to the request. Instead, the documents identified are all manuals (mostly not even connected to mixed files), which are entirely unrelated to research, studies, reports, memoranda, or emails that discuss Experian's matching algorithms or alleged problems with them. Because of this, Plaintiff requested Experian to either: (1) amend its response and indicate that it had no such documents matching this request; or (2) produce all documents responsive to

6

this request. Even though the meet and confer occurred on February 17, 2015, Experian has not committed to amending its response despite multiple follow-up requests.

Accordingly, the Court should overrule Experian's objections and require it to provide a complete response to Interrogatory # 11.

## III.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests the Court to enter an order striking Experian's objections to Request for Production No. 21 and Interrogatory Nos. 10 & 11 and compelling full and complete responses to the same.

Respectfully Submitted,
**BRUCE BARCLAY**

_____/s/_____
Kristi C. Kelly, Esq. VSB # 72791
Andrew J. Guzzo, Esq., VSB #82170
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7570
Facsimile: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
(804) 697-5410
(804) 698-5118 Fax
david.anthony@troutmansanders.com
*Counsel for Experian Information Solutions, Inc*

Eric S. Jacobi
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001-2113
Office 202.879.3622
ejacobi@jonesday.com
*Counsel for Experian Information Solutions, Inc*

*/s/*
Kristi Cahoon Kelly (VSB# 72791)
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA  22030
Telephone: 703-424-7570
Facsimile: 703-591-0167
E-mail:  kkelly@kellyandcrandall.com
*Counsel for Plaintiff*

8