IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BRUCE BARCLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 1:14-CV-1200-LO-JFA |
| v. | ) | |
| | ) | |
| TRANS UNION, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules Civil Procedure and Local Civil Rule

26(C) of the United States District Court for the Eastern District of Virginia, Defendant Experian

Information Solutions, Inc. ("Experian") provides the following responses to Plaintiff's First Set

of Interrogatories.

**PRELIMINARY STATEMENT**

Although Experian has made a diligent and good faith effort to obtain the information

with which to respond to Plaintiff's Interrogatories, discovery in this matter is ongoing and as

such, additional information may be obtained which might affect the responses herein.

Moreover, Experian has not yet completed its own investigation of this matter. Accordingly, all

of the following responses are given without prejudice to and with the express reservation of

Experian's right to supplement or modify responses to the extent required by applicable law to

incorporate later discovered information, and to rely upon any and all such information and

documents at trial or otherwise. Likewise, Experian shall not be prejudiced if any of its present

that you followed "to assure maximum possible accuracy of the information" contained within the credit report and identify all documents and all persons with knowledge that supports your claim that you followed such procedures.

**RESPONSE:** Subject to and without waiving its general and specific objections, Experian states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, information responsive to this Interrogatory may be derived from the responsive, non-privileged documents being produced pursuant to the entry of an appropriate protective order in response to Plaintiff's Requests for Production (Bates-labeled EXPBARCLAY_000220-2439, EXPBARCLAY_0002441-97, EXPBARCLAY_0002511-2682). The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as it is Experian.

**INTERROGATORY NO. 9:** Identify and describe in detail all procedures to prevent the reinsertion or re-mixing of any information previously deleted from a consumer's credit file.

**RESPONSE:** Subject to and without waiving its general and specific objections, Experian states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, information responsive to this Interrogatory may be derived from the responsive, non-privileged documents being produced pursuant to the entry of an appropriate protective order in response to Plaintiff's Requests for Production (Bates-labeled EXPBARCLAY_0002511-2682). The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as it is Experian.

**INTERROGATORY NO. 10:** Identify every lawsuit in which you have been sued for an alleged violation of 15 U.S.C. §1681e that pertained to or was based upon the allegation of a mixed or mismerged file, tradeline or public record. For each such lawsuit, identify the style of the case, the court in which the action was brought, the case number, the name of the plaintiff attorney, the co-defendants in that case, the date the case was filed, and the disposition in the

6

case.

**RESPONSE:** Experian stands on its general and specific objections, served on December 26, 2014. Experian reiterates that it objects to the interrogatory on the ground that the information requested is publically available and overly broad. Experian is prepared to meet and confer.

**INTERROGATORY NO. 11:** Identify any research, study, memo, email or other document you have generated since January 1, 2011 that regards or discusses criteria or threshold used to match data to a file and any lawsuits, complaints or alleged problems about that procedure.

**RESPONSE:** Subject to and without waiving its general and specific objections, Experian states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, information responsive to this Interrogatory may be derived from the responsive, non-privileged documents being produced pursuant to the entry of an appropriate protective order in response to Plaintiff's Requests for Production (Bates-labeled EXPBARCLAY_000220-2439, EXPBARCLAY_0002441-97, EXPBARCLAY_0002511-2682). The burden of deriving or ascertaining the answer is substantially the same for Plaintiff as it is Experian.

**INTERROGATORY NO. 12:** Describe in detail all procedures you have available to prevent the mixing (or re-mixing) of data from another similarly named person into a credit report after you have discovered such a problem in the consumer's file and identify all documents that describe, list or summarize such procedures.

**RESPONSE:** Subject to and without waiving its general and specific objections, Experian states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, information responsive to this Interrogatory may be derived from the responsive, non-privileged documents

7