**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| BRUCE BARCLAY,<br><br>        **Plaintiff,**<br><br>**v.**<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., *et al.*,<br><br>        **Defendants.** | Civil Action No.  1:14-cv-1200-LO-JFA |

**DECLARATION OF KIM HUGHES IN SUPPORT OF**
**EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

I, Kim Hughes, being duly sworn, declare and state as follows:

**I.      Background**

1.      I have been employed by Experian Information Solutions, Inc. ("Experian") for over seventeen (17) years.  Since 2011, I have been employed as a Compliance and Litigation Analyst, located in Allen, TX.  My duties include the constant review of Experian's policies and procedures related to consumer credit reporting.

2.      The facts set forth herein are based upon my personal knowledge, and information available to me in the above referenced capacity, and if I were called upon to testify to them, I could and would competently do so.

3.      I submit this affidavit in support of Experian's Opposition to Plaintiffs' Motion to Compel in the above-captioned matter.

## II.    Experian's Matching System

4.    Experian has developed reasonable procedures to assure maximum possible accuracy when credit information is initially reported to Experian by subscribers.  Experian has also developed reasonable procedures to ensure maximum possible accuracy when assembling credit reports and consumer disclosures following receipt of an inquiry or a request for disclosure.

5.    When subscribers to Experian's consumer credit reporting business report credit information to Experian, they report it along with certain identifying information which Experian uses to link the credit items to the appropriate consumers.  Similarly, when a subscriber requests credit information from Experian in the form of a credit report, the subscriber provides the same type of identifying information about the particular consumer.  Experian's computer system does not store completed credit reports.  Instead, the system stores items of credit information that are linked to identifying information.  To determine which of the hundreds of millions of credit items in its credit database should be displayed on a particular credit report, Experian's computer system compares and "matches" the identifying information provided in the request or "inquiry" with the identifying information that is contained within its vast database, which includes the identification information that was previously reported with the various credit items.

6.    With over an estimated 200 million borrowers in the country, it is important for Experian's procedures, based on the information available to Experian, to allow for the  accurate retrieval and display of all information that belongs to a particular applicant and, at the same time, not display information that may belong to another consumer.  Such a task is possible if the applicant's information is entirely unique, consistently used, and always accurate whenever used by the consumer or by the creditor.

2

7.      Unfortunately, the realities of the credit business and typical consumer behavior do not provide such a perfect scenario.  Identifying information, when supplied to Experian, both when credit information is reported and when credit reports are requested, might not be complete, consistent, unique or accurate.  For example, Experian subscribers may report credit information or request credit reports without providing the consumer's social security number, generation code, or year of birth.  In addition, subscribers and consumers sometimes provide incorrect identification to Experian, either because of a mistake or for other reasons.  Subscribers, as well as consumers, also may provide Experian with changed or inconsistent identification (as may occur when consumers routinely use more than one address).  Consumers sometimes use different or incomplete forms of their names or nicknames.  For example, consumers sometimes use full middle names but at other times might use only a middle initial.  Sometimes they use neither.  Alternatively, consumers frequently change addresses or begin using a second address that is not their residence.  Furthermore, upon marriage, consumers frequently change their name.  Despite all these difficulties that exist in the real world that are associated with consumer identification, Experian is still expected by the vast majority of consumers and lenders to be able to provide a complete consumer credit report.

8.      For all these reasons, Experian could not require an exact matching of all identifying information before it allows a credit item to be displayed on a consumer's credit report.  If Experian were to require 100 percent matching, a great deal of accurate credit information would not be displayed on consumers' credit reports and, often would result in Experian being unable to locate a credit report at all.  Such a result would be detrimental to those consumers who have worked hard to maintain good credit, since their good credit histories might not be displayed when a creditor asks to review their credit report.  Additionally, lenders,

3

who rely on the credit information provided by Experian to make prudent lending decisions, would do so with little confidence, unlike today, and this practice would lead the an increased difficulty for consumers to obtain everyday credit.  Conversely, if exact matching of identifying information was required, consumers could create new credit files for themselves and abandon their original bad credit files by simply changing certain aspects of their identifying information.

9. To address these and other problems, and to employ reasonable procedures that assure maximum possible accuracy of credit reports, Experian developed a reasonable matching system, based on extensive statistical studies.  Experian's matching system uses a "basket" of identifiers to determine which credit items display on a particular credit report.  Experian's computer system applies a number of rules devised over years of experience in the consumer credit reporting business.  The facts and rules used for each factor have been revised from time to time over the history of Experian's consumer credit business.  These factors, and the accurate results provided by their utilization, are the key elements of Experian's business that distinguishes it from its competitors.

10. Experian's matching system was designed to permit some credit items to display in spite of certain variations in identifying information.  Variations are permitted, however, only after Experian performs thorough testing to ensure a high level of accuracy, and to minimize the chances that credit information belonging to one consumer would display on another consumer's credit report.

11. Given the absence of a unique universal identifier with a robust built-in check digit feature by which to uniquely identify consumers, no manual or computer matching system can prevent credit information belonging to one consumer from displaying on the credit report of another consumer when critical identifying information supplied to Experian as belonging to

4

one consumer matches, or matches very closely, with identifying information belonging to the other consumer when they are reported by lenders, collection agencies or by the public record as living at the same or an extremely similar address. Recognizing that this could occur, Experian developed a procedure that upon notification that a mixed file has occurred, Experian would be able to apply a more stringent matching procedure designed to ensure that a mixed file did not re-occur in the future for that consumer. As would be expected of such a stringent procedure, it is likely that an incomplete credit report or even no credit report might result in the event that incomplete, inconsistent or incorrect identification were to be provided when credit information is reported to Experian or when a credit report was pulled. The name of this procedure is called "Do Not Combine".

12.     Experian's matching system has continually been reviewed and refined through an ongoing process involving extensive review by individuals with significant experience, including, for example, experience with identification reported by subscribers, Experian's search and matching rules, and the design of matching systems.

13.     Requiring Experian to provide Plaintiffs with the information they seek regarding the matching system would be tantamount to giving away Experian's intellectual property and trade secrets. The specific details of Experian's highly accurate matching system are quite literally Experian's "Crown Jewels." They are known to only a very limited number of highly trained Experian employees, and are not voluntarily or intentionally disclosed in any lawsuit or to any government agency.

14.     Experian maintains credit information on more than an estimated 200,000,000 consumers. Given the problems of correctly identifying consumers due to inconsistent use of identification by consumers, name changes, address changes, transpositions, misspelling, mis-

5

keying, misreading, etc., Experian has spent substantial sums of money over many years to develop a method of matching consumer information. The matching system has been designed to allow Experian to cull together a credit report of all of an individual's past credit, both positive and adverse, regardless of changes or discrepancies in identifying information.

### III.    The Risks of Disclosing the Requested Information

15.    One of the major risks associated with production of the requested information is the threat that the requested information could fall into the hands of unscrupulous consumers or credit clinics. There are literally millions of consumers with poor credit. Were these consumers to learn the details of Experian's matching system, they could manipulate their identifying information to create a new credit profile that was not linked to their existing bad credit history. If consumers were able to hide their derogatory credit histories at will, lenders would inadvertently offer loans to unqualified consumers and consequently suffer financial losses. This could lead to massive lending losses for banks and other institutional lenders.

16.    Another major risk associated with production of the requested information is the very real possibility that someone could create a competing product using the existing framework. Experian has spent tens of millions of dollars and countless hours of employee time developing and enhancing its unique and sophisticated computer system to achieve maximum possible accuracy of the credit information Experian provides to those with permissible purposes for receiving consumer credit information. As a result of its efforts, Experian enjoys a major advantage in the highly competitive credit reporting marketplace. The information sought by Plaintiffs would be extremely helpful to someone seeking to mimic Experian's matching system. Using information about the structure, logic, and codes of Experian's system, Experian's competitors and companies hoping to enter the credit reporting industry could build or refine a competing system at a substantially reduced cost and substantially reduced risk.

6

They would unfairly receive the benefits of Experian's investment and hard work, without having to incur the costs. Thus, if information about its system were to get into the hands of a current or potential competitor, it could help to enable the competitor to create or enhance its own systems and remove the competitive edge currently enjoyed by Experian.

17. Because this information is so vital to Experian's business, the matching algorithm is kept extremely well-guarded and access is granted only to a select few employees.

18. In short, production of the requested information would dramatically undermine confidence in Experian's credit reports, and would also threaten Experian's competitive advantage.

I, Kimberly Hughes, declare under penalty of perjury that the foregoing is true and correct.

DATED: March 5, 2015

/s/Kimberly Hughes
Kimberly Hughes

24892918v1

7